## KRAUTH a. VIAL.

*New York Common Pleas; At Chambers, February,* 1859.

ARREST UNDER THE ACT TO ABOLISH IMPRISONMENT FOR DEBT.

The defendant in an execution—a foreigner—was informed by the officer who levied upon his property, that certain articles which among others he produced to the officer, were exempt from seizure on execution, and he, thereafter, removed them openly from the State.

*Held,* that these circumstances did not amount to removing and secreting property with intent to defraud creditors, within the meaning of the non-imprisonment act.

This was a proceeding under the act to abolish imprisonment for debt, and to punish fraudulent debtors. (*Laws of* 1831, 396.) The petition for a warrant against the defendant set forth a judgment against him, and charged that he had money in his possession which he unjustly refused to apply to the payment of the judgment, and also that he had removed and secreted property belonging to him with intent to defraud his creditors. In regard to the second charge, the affidavit of the petitioners stated that, after the judgment was obtained, he secretly removed two horses and a baker's cart, belonging to him, to Jersey City, and there secreted them; and also alleged the execution by him of a fraudulent mortgage intended to cover his property from his creditor's reach.

A warrant was issued, and on its return the defendant put in an affidavit alleging that, on an execution issued by the plaintiff on the judgment, a large part of the judgment had been collected. He denied also that he had money in his possession which he unjustly refused to apply to the payment of the judgment; and alleged that such small sums as his wife and himself had collected from those owing him, he had applied in payment of workmen and in support of his family.

His affidavit further set forth that at the time of the levy of the execution, he the defendant showed the sheriff who made it the two horses and wagon mentioned in the plaintiff's affidavit,

but that the sheriff refused to levy upon them, stating that they were exempt by law from execution. His removal of them from the State he explained by stating, that he rode over with his wife to take the cars in Jersey City for an excursion; that he left the team, openly, in a public stable, and that while it was there it was seized by the sheriff of the county at the suit of the plaintiff and others.

The evidence taken before the judge showed, that when the defendant went to the stable in Jersey City he drove one horse harnessed to the cart, and led the other; and that he authorized the keeper of the stable to sell one of the horses for not less than a fixed sum; that he went in open day, and that his name appeared on the cart in large letters.

*J. A. Sherwood,* for the plaintiffs.

*Mr. Bryan,* for the defendant.—I. The plaintiffs cannot sustain their proceeding on the ground of a refusal to apply moneys to the payment of their claim. It is the evident intention of the statute that a demand to apply must be made. (Stewart *a.* Biddleman, 2 *Comst.,* 103.)

II. As to the other ground, the evidence shows that the plaintiffs seized a part of the property of defendant on execution here, and that the part which they charge him with secreting, they also seized in Jersey City. If they had disclosed these facts on application, the warrant never should have been granted.

HILTON, J.—The only question which, in my opinion, is presented for determination in the present proceeding under the non-imprisonment act, is, whether the defendant removed the horses and cart to New Jersey with intent to defraud his creditors.

The evidence shows that when the deputy-sheriff made the levy under the execution issued upon the judgment which forms the basis of the present proceeding, he informed the defendant that one horse and the cart were exempt from seizure by him.

This justified the defendant in supposing that he might do with the cart as he pleased; he was a foreigner, ignorant of our

language, and naturally would look to the officers of the law as the proper persons to expound it, and under the circumstances shown, I think it would be unreasonable to hold him guilty of any fraudulent intent in respect to the cart.

As to the horses—the sheriff's deputy was half right in saying that the law exempted from levy one horse; he would have been wholly so, had he stated that the exemption extended to a team owned by a person having a family for whom he provides, not exceeding in value $150. It does not appear that the two horses here referred to exceeded in value this sum; and if they did not, then it is quite clear that the defendant might make any disposition of them he thought proper, without subjecting himself to the suspicion of intending by it to defraud his creditors. (3 *Rev. Stat.*, 5th ed., 646, § 23; *Ib.*, 132, § 32.)

But, apart from these reasons, I think the testimony fails to show a deliberate intent to defraud on the part of the defendant. His conduct, when the officer called to levy with the execution, indicated no special unwillingness to yield up to the law the property liable to be applied in the payment of the judgment, and I do not think his subsequent acts in respect to the property which the officer left, were such as would justify me in declaring him a fraudulent debtor.

Complaint dismissed.